BETH A. GUNN, CA Bar No. 218889
beth.gunn@ogletreedeakins.com
CATHERINE J. COBLE, CA Bar No. 223461
catherine.coble@ogletreedeakins.com
DAVID Z. FEINGOLD, CA Bar No. 280194
david.feingold@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213.239.9800
Facsimile:   213.239.9045

Attorneys for Defendants
BRINK'S GLOBAL SERVICES USA, INC. (formerly known as BRINK'S
DIAMOND AND JEWELRY SERVICES INC.); and BRINK'S, INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALKER, RICHARD BRENNAN, PHILLIP ASHBURN, RICHARD MORGAN, JOSE ABREGO, DANIEL DEHART, GARY PERRINE, MARTY CALHOUN, GREGORY HARRIS, ALLEN WINTERS, ERNESTO HERNANDEZ, DREW ROBERTS, DONALD NICHOLS, BRADLEY ROWLETT, GUILLERMO LOPEZ, DARIO RAMIREZ, JEFFREY BOWEN, AARON ODOM, JULIO ITURRIAGA, RALPH BLASENGYM, JOSE FLORES, BRYAN MCLEAN, CARLOS RIOS, PAUL QUINTANA, ALAN GONZALEZ, EDWARD HERNANDEZ, YURAN AGUILAR, ALDO ALARCON, JAMEL ABU-SALEH, WALLACE DESBROW, JR., MAURICE BROOKS, and EDWARD GREGORY, individuals, on behalf of themselves and on behalf of all persons similarly situated, | Case No. ___15-8833___ <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** <br><br> [28 U.S.C. § 1332(d) (Class Action Fairness Act)] <br><br> Complaint Filed: November 19, 2014 <br> Trial Date:        None |
| Plaintiffs, <br>     v. <br><br> BRINK'S GLOBAL SERVICES USA, INC., a Corporation; BRINK'S DIAMOND AND JEWELRY SERVICES INC., a Corporation; BRINKS INCORPORATED; and Does 1 through 50, Inclusive, <br><br>         Defendants. | |

Case No. _____
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# TABLE OR CONTENTS

**Page**

I.      THE STATE COURT ACTION .............................................................. 1

II.     REMOVAL IS TIMELY ................................................................... 3

III.    REMOVAL IS PROPER UNDER CAFA ............................................... 4

        A.      CAFA's Diversity of Citizenship Requirement Is Satisfied .......... 5

        B.      CAFA's Class Size Requirement Is Satisfied ............................ 14

        C.      CAFA's Requisite $5 Million Amount in Controversy Is
                Satisfied ............................................................................. 14

                1.      Failure to Pay Overtime Wages ....................................... 16

                2.      Wage Statement Penalties ................................................ 17

                3.      Waiting Time Penalties .................................................... 18

                4.      Attorneys' Fees ............................................................... 18

                5.      Summary ......................................................................... 19

IV.     VENUE IS PROPER ....................................................................... 19

V.      SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446 .......... 19

VI.     CONCLUSION ............................................................................... 19

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Goldberg v. C.P.C. Int'l, Inc.,*
    678 F.2d 1365 (9th Cir.1982)..................................................................18

*Guglielmino v. McKee Foods Corp.,*
    506 F.3d 696 (9th Cir. 2007)..................................................................15

*Hertz Corp. v. Friend,*
    130 S. Ct. 1181 (2010)..........................................................................13

*Luckett v. Delta Airlines, Inc.,*
    171 F.3d 295 (5th Cir. 1999)..................................................................15

*Muniz v. Pilot Travel Centers, LLC,*
    2007 WL 1302504 (E.D. Cal. May 1, 2007) ........................................18

*Rea v. Michaels Stores Inc.,*
    742 F.3d 1234 (9th Cir. 2014)................................................................14

*Reyes v. Dollar Tree Stores, Inc.*
    781 F.3d 1185 (9th Cir. 2015).................................................................3

*Rodriguez v. AT&T Mobility Services, LLC,*
    728 F.3d 975 (9th Cir. 2013)..................................................................15

*Sanchez v. Monumental Life Ins. Co.,*
    102 F.3d 398 (9th Cir. 1996)..................................................................15

*Serrano v. 180 Connect Inc.,*
    478 F.3d 1018 (9th Cir. 2007)................................................................14

*Standard Fire Insurance Co. v. Knowles,*
    133 S. Ct. 1345 (2013)....................................................................14, 15

**Federal Statutes**

28 U.S.C.

§ 84(c)(3) ................................................................................................19
§ 1332(c) ................................................................................................13
§ 1332(d) ..........................................................................................14, 16
§ 1332(d)(2) .............................................................................................5
§ 1332(d)(5)(B) ........................................................................................5
§ 1441(a) ................................................................................................19
§ 1453(a) ..................................................................................................5
§ 1453(b) .............................................................................................3, 5

**California Statutes**

Cal. Civ. Proc. Code § 340(a) ....................................................................17

Cal. Lab. Code § 226(e) ............................................................................17

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Brink's Global Services USA, Inc. (formerly known as Brink's Diamond and Jewelry Services Inc.) ("BGS"), and Brink's, Incorporated ("Brink's") (collectively "Defendants"), by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")) and section 1446 on the grounds that: (1) Plaintiffs David Walker, Richard Brennan, Phillip Ashburn, Richard Morgan, Jose Abrego, Daniel Dehart, Gary Perrine, Marty Calhoun, Gregory Harris, Allen Winters, Ernesto Hernandez, Drew Roberts, Donald Nichols, Bradley Rowlett, Guillermo Lopez, Dario Ramirez, Jeffrey Bowen, Aaron Odom, Julio Iturriaga, Ralph Blasengym, Jose Flores, Bryan Mclean, Carlos Rios, Paul Quintana, Alan Gonzalez, Edward Hernandez, Yuran Aguilar, Aldo Alarcon, Jamel Abu-Saleh, Wallace Desbrow, Jr., Maurice Brooks, and Edward Gregory (collectively "Plaintiffs") are "citizen[s] of a State different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." All CAFA requirements are satisfied in this case.

The foregoing facts were true at the time the First Amended Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal. Removal jurisdiction is therefore appropriate as detailed more fully below:

## I. <u>THE STATE COURT ACTION</u>

1. On or about November 19, 2014, Plaintiffs filed a Class Action Complaint in the Superior Court of the State of California for the County of Los Angeles ("Action"). The Action was assigned Case Number BC564369.

2.      On or about January 27, 2015, Plaintiff Walker served Defendants with a copy of the summons, Class Action Complaint ("Complaint"), alternative dispute resolution program information package, case management statement form, expedited jury trial information sheet, notice of case management conference, early settlement program pamphlet, amended and restated declaration of covenants, and the civil cover sheet.  A true and correct copy of these documents is attached as **Exhibit A**.

3.      On or about February 25, 2015, Defendant BGS filed and served an Answer to the Complaint in Los Angeles County Superior Court.  A true and correct copy of Defendant BGS's Answer is attached hereto as **Exhibit B**.

4.      On or about February 25, 2015, Defendant Brink's filed and served an Answer to the Complaint in Los Angeles County Superior Court.  A true and correct copy of Defendant Brink's Answer is attached hereto as **Exhibit C**.

5.      On or about February 27, 2015, the case was assigned for all purposes to the Honorable Judge Elihu M. Berle in the Complex Litigation Program and the Parties' were ordered to prepare a Joint Initial Status Conference Class Action Response Statement, which was jointly filed by the Parties on April 22, 2015.  Thereafter, pursuant to the agreement of the Parties, on May 6, 2015, the Court entered an Order regarding Electronic Service of documents.  True and correct copies of these documents are attached hereto as **Exhibits D, E, and F**.

6.      On July 24, 2015, Plaintiffs filed a Motion for Leave to File a First Amended Complaint to add 31 plaintiffs, 30 of whom worked for Brink's and one of whom worked for BGS.  On September 28, 2015, Defendants filed their Opposition and on October 2, 2015, Plaintiffs filed their Reply.  On July 30, 2015, the Parties stipulated to continue the hearing date on Plaintiff's Motion for Leave to File First Amended Complaint, and on August 3, 2015, the Court granted the Parties stipulation, continuing the hearing until October 7, 2015.  True and correct copies of these documents and their supporting documents are attached hereto as **Exhibits G, H, I, and J**.

7.     On July 28, 2015, the Parties filed a Joint Status Conference Statement in connection with the status conference scheduled for August 4, 2015. A true and correct copy of the Joint Status Conference Statement is attached hereto as **Exhibit K**.

8.     On October 2, 2015, Plaintiff Walker filed a Motion and Motion for Order (1) Invalidating Settlement Releases and (2) Ordering Immediate Production of Class Member Contact Information.  On October 15, 2015, Defendants filed their Opposition and on October 21, 2015, Plaintiffs filed their Reply.  On October 28, 2015 the Honorable Elihu M. Berle denied Plaintiff's motion.  True and correct copies of these documents and their supporting documents are attached hereto as **Exhibits L, M, and N**.

9.     On October 2, 2015, the Parties filed a Joint Status Conference Statement in connection with the status conference scheduled for October 9, 2015. A true and correct copy of the Joint Status Conference Statement is attached hereto as **Exhibit O.**

10.     On October 9, 2015, the Honorable Elihu M. Berle granted Plaintiff Walker's request to file a First Amended Complaint ("FAC")[1] and on October 13, 2015, Plaintiff filed and served, through File & ServeXpress, a First Amended Complaint in the Action.  The First Amended Complaint includes a claim under the California Private Attorneys General Act ("PAGA"), Labor Code §§ 2699 *et seq*.  A true and correct copy of Plaintiffs' First Amended Complaint is attached hereto as **Exhibit P**.

## II.     <u>REMOVAL IS TIMELY</u>

11.     Here, removal is timely.  Defendants have filed this notice within 30 days after being served with the pleading from which it could first determine that this action was removable.  28 U.S.C. § 1453(b); *see Reyes v. Dollar Tree Stores, Inc.*

---

[1] Defendants have not yet received a copy of the Notice of Ruling or Order Granting Plaintiffs' Request to file a First Amended Complaint.

3                          Case No. _____

781 F.3d 1185, 1188-1189 (9th Cir. 2015).

12.     In Plaintiffs' original complaint, Plaintiffs defined the class as "all individuals who are or previously were employed by Defendant **Brink's Global Services, USA**, **Inc**. in California and classified as non-exempt employees and paid on an hourly basis…at any time during the period beginning four (4) years prior to the filing of this Complaint…" (Compl. ¶7 emphasis added.)

13.     Not until Plaintiffs' filed their First Amended Complaint on October 13, 2015, thereby adding the 31 additional Plaintiffs who are current and former employees of Brinks rather than BGS and amending the definition of the class to "all individuals who are or previously were employed by DEFENDANT [sic] in California and classified as non-exempt employees and paid on an hourly basis… at any time during the period beginning four (4) years prior to the filing of this Complaint ..." (FAC ¶ 38) did Defendants determine that the action was removable. Thus, the removal is timely and proper pursuant to 28 U.S.C. § 1446(b), (c) and Rule 6 of the Federal Rules of Civil Procedure.

### III.     REMOVAL IS PROPER UNDER CAFA

14.     The Action is removable under CAFA given the allegations and claims in the Complaint.  The First Amended Complaint asserts claims for: (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.;(2) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510, 1194 and 1198, *et seq*.; (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202 and 203; and (5) Violation of The Private Attorneys General Act [Labor Code §§ 2698, *et seq*.].

15.     In relevant part, CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is more than 100; and

where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

16.     This Court has original jurisdiction over the Action under CAFA, in that it is a civil case filed as a class action wherein at least one member (if not all) of the putative class of plaintiffs is a citizen of a state different from Defendants, the number of members in Plaintiffs' proposed classes in the aggregate is more than 100, and the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs.

### A.     CAFA's Diversity of Citizenship Requirement Is Satisfied

17.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b).

18.     According to the Complaint, "Plaintiff David Walker has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since July of 2006." (*See* Compl. ¶ 6; FAC, ¶ 6.)  From review of Defendants' business records, Plaintiff Walker has been a resident of California since at least July 14, 2006, as demonstrated by his working for BGS in California and providing a California mailing address to BGS during that time.  (*See* Declaration of Corrinn Neal In Support of Notice of Removal ("Neal Decl."), ¶ 4.)

19.     According to the Complaint, "Plaintiff Richard Brennan was employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis from March of 2001 to May of 2014." (*See* FAC, ¶ 7.) From review of Defendants' business records, Plaintiff Brennan was a resident of California during the time period March 19, 2001 to May 30, 2014, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.   (*See* Neal Decl., ¶ 5.)

20.     According to the Complaint, "Plaintiff Phillip Ashburn has been

employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since February of 1997." (*See* FAC, ¶ 8.) From review of Defendants' business records, Plaintiff Ashburn has been a resident of California since at least February 21, 1997, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 6.)

21.     According to the Complaint, "Plaintiff Richard Morgan has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since October of 1996." (*See* FAC, ¶ 9.) From review of Defendants' business records, Plaintiff Morgan has been a resident of California since at least October 2, 1996, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 7.)

22.     According to the Complaint, "Plaintiff Jose Abrego has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since June of 1999." (*See* FAC, ¶ 10.)  From review of Defendants' business records, Plaintiff Abrego has been a resident of California since at least March 22, 1999, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 8.)

23.     According to the Complaint, "Plaintiff Daniel DeHart has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since January of 2004." (*See* FAC, ¶ 11.)  From review of Defendants' business records, Plaintiff DeHart has been a resident of California since at least January 12, 2004, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 9.)

24.     According to the Complaint, "Plaintiff Gary Perrine has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an

hourly basis since April of 1995."   (*See* FAC, ¶ 12.) From review of Defendants' business records, Plaintiff Perrine has been a resident of California since at least April 7, 1995, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 10.)

25.    According to the Complaint, "Plaintiff Marty Calhoun has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since April of 2007."  (*See* FAC, ¶ 13.)  From review of Defendants' business records, Plaintiff Calhoun has been a resident of California since at least April 18, 2007, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 11.)

26.    According to the Complaint, "Plaintiff Gregory Harris has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since April of 2013." (*See* FAC, ¶ 14.)  From a review of Defendants' business records, Plaintiff Harris has been a resident of California since at least April 8, 2013, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 12.)

27.    According to the Complaint, "Plaintiff Allen Winters has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since March of 2004."  (*See* FAC, ¶ 15.) From a review of Defendants' business records, Plaintiff Winters has been a resident of California since at least September 21, 2015, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 13.)

28.    According to the Complaint, "Plaintiff Ernesto Hernandez has been employed by BRINK'S in California and classified as a non-exempt employee and paid

7

Case No. _____

on an hourly basis since April of 2008." (*See* FAC, ¶ 16.) From a review of Defendants' business records, Plaintiff Hernandez has been a resident of California since at least May 12, 2008, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 14.)

29.     According to the Complaint, "Plaintiff Drew Roberts has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since September of 2006." (*See* FAC, ¶ 17.) From a review of Defendants' business records, Plaintiff Roberts was a resident of California during the time period September 5, 2006 to September 4, 2015, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 15.)

30.     According to the Complaint, "Plaintiff Donald Nicholas [sic] has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since September of 2013." (*See* FAC, ¶ 18.) From a review of Defendants' business records, Plaintiff Nichols has been a resident of California since at least September 3, 2013, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 16.)

31.     According to the Complaint, "Plaintiff Bradley Rowlett has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since December of 2007." (*See* FAC, ¶ 19.) From a review of Defendants' business records, Plaintiff Rowlett has been a resident of California since at least December 3, 2007, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 17.)

32.     According to the Complaint, "Plaintiff Guillermo Lopez has been employed by BRINK'S in California and classified as a non-exempt employee and

paid on an hourly basis since March of 2007." (*See* FAC, ¶ 20.) From a review of Defendants' business records, Plaintiff Lopez has been a resident of California since at least March 5, 2007, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 18.)

33.      According to the Complaint, "Plaintiff Dario Ramirez has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since March of 2007." (*See* FAC, ¶ 21.) From a review of Defendants' business records, Plaintiff Ramirez has been a resident of California since at least February 26, 2007, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 19.)

34.      According to the Complaint, "Plaintiff Jeffrey Bowen has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since May of 2010." (*See* FAC, ¶ 22.) From a review of Defendants' business records, Plaintiff Bowen has been a resident of California since at least May 11, 2010, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 20.)

35.      According to the Complaint, "Plaintiff Aaron Odom has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since March of 2006." (*See* FAC, ¶ 23.) From a review of Defendants' business records, Plaintiff Odom has been a resident of California since at least March 13, 2006, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 21.)

36.      According to the Complaint, "Plaintiff Julio Iturriaga has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an

hourly basis since December of 2004." (*See* FAC, ¶ 24.) From a review of Defendants' business records, Plaintiff Iturriaga has been a resident of California since at least December 6, 2004, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 22.)

37.     According to the Complaint, "Plaintiff Ralph Blasengym has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since February of 2007." (*See* FAC, ¶ 25.) From a review of Defendants' business records, Plaintiff Blasengym has been a resident of California since at least February 5, 2007, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 23.)

38.     According to the Complaint, "Plaintiff Jose Flores has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since August of 2003." (*See* FAC, ¶ 26.) From a review of Defendants' business records, Plaintiff Flores has been a resident of California since at least August 4, 2003, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 24.)

39.     According to the Complaint, "Plaintiff Bryan McLean has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since August of 2014." (*See* FAC, ¶ 27.) From a review of Defendants' business records, Plaintiff McLean has been a resident of California since at least August 25, 2014, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 25.)

40.     According to the Complaint, "Plaintiff Carlos Rios has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since April of 1999." (*See* FAC, ¶ 28.) From a review of Defendants' business

records, Plaintiff Rios has been a resident of California since at least April 26, 1999, as demonstrated by his working for BGS in California and providing a California mailing address to BGS during that time.  (*See* Neal Decl., ¶ 26.)

41.    According to the Complaint, "Plaintiff Paul Quintana has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since December of 2002."  (*See* FAC, ¶ 29.) From a review of Defendants' business records, Plaintiff Quintana has been a resident of California since at least December 16, 2002, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 27.)

42.    According to the Complaint, "Plaintiff Alan Gonzalez has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since July of 2007."  (*See* FAC, ¶ 30.) From a review of Defendants' business records, Plaintiff Gonzalez has been a resident of California since at least July 23, 2007, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 28.)

43.    According to the Complaint, "Plaintiff Edward Hernandez has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since April of 2008."  (*See* FAC, ¶ 31.) From a review of Defendants' business records, Plaintiff Hernandez has been a resident of California since at least April 21, 2008, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 29.)

44.    According to the Complaint, "Plaintiff Yuran Aguilar has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since September of 2006."  (*See* FAC, ¶ 32.) From a review of Defendants' business records, Plaintiff Aguilar has been a resident of California since

at least September 27, 2006, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 30.)

45.    According to the Complaint, "Plaintiff Aldo Alarcon has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since September of 2001."  (*See* FAC, ¶ 33.) From a review of Defendants' business records, Plaintiff Alarcon has been a resident of California since at least September 17, 2001, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 31.)

46.    According to the Complaint, "Plaintiff Jamal Abu-Saleh has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since January of 2008."  (*See* FAC, ¶ 34.) From a review of Defendants' business records, Plaintiff Abu-Saleh has been a resident of California since at least January 7, 2008, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 32.)

47.    According to the Complaint, "Plaintiff Wallace Desbrow, Jr. has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since October of 2010."  (*See* FAC, ¶ 35.) From a review of Defendants' business records, Plaintiff Desbrow has been a resident of California since at least October 4, 2010, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time. (*See* Neal Decl., ¶ 33.)

48.    According to the Complaint, "Plaintiff Maurice Brooks has been employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis since February of 2005."  (*See* FAC, ¶ 36.) From a review of Defendants' business records, Plaintiff Brooks has been a resident of California since

at least February 22, 2005, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 34.)

49.     According to the Complaint, "Plaintiff Edward Gregory was employed by BRINK'S in California and classified as a non-exempt employee and paid on an hourly basis from June of 2005 to November of 2014."  (*See* FAC, ¶ 37.) From a review of Defendants' business records, Plaintiff Gregory was a resident of California during the time period June 24, 2005 to November 2, 2014, as demonstrated by his working for Brink's in California and providing a California mailing address to Brink's during that time.  (*See* Neal Decl., ¶ 35.)

50.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business."  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).  The Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at p. 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

51.     At all relevant times, Defendant BGS has been a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York.  (Neal Decl., ¶ 2.)  As such, Defendant BGS also is not a citizen of the State of California.

52.     Similarly, at all relevant times, Defendant Brink's has been a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Virginia.  (Neal Decl., ¶ 3.) Accordingly, Defendant Brink's is not a citizen of the State of California.

53.     Based upon the foregoing, minimal diversity is established because Plaintiffs are citizens of California, whereas Defendant Brink's is a citizen of Delaware and Virginia, and Defendant BGS is a citizen of Delaware and New York. Removal is therefore proper under 28 U.S.C. § 1332(d); *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

**B.     CAFA's Class Size Requirement Is Satisfied**

54.     Plaintiffs bring the Action pursuant to California Code of Civil Procedure section 382 on behalf of "themselves and a California class, defined as all individuals who are or previously were employed by DEFENDANT [sic] in California and classified as non-exempt employees and paid on an hourly basis (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint ...." (FAC ¶ 38.)  Plaintiffs filed the FAC on October 13, 2015.

55.     Plaintiffs allege that Defendant Brink's "international network serves customers in more than 100 countries and employs approximately 70,000 people. The Company's operations include approximately 1,100 facilities and 13,300 vehicles." (FAC, ¶ 5.)  Indeed, based on calculations performed using Defendants' business records, the putative class, as defined by the FAC, includes at least approximately 1711 persons during the statutory period. (Neal Decl., ¶ 36; Declaration of Catherine J. Coble In Support of Notice of Removal ("Coble Decl."), ¶ 5.) Thus, CAFA's size requirement is satisfied.

**C.     CAFA's Requisite $5 Million Amount in Controversy Is Satisfied**

56.     CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d). Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013); *see Rea v.*

*Michaels Stores Inc.*, 742 F.3d 1234, 1238-1239 (9th Cir. 2014).

57.     In their Complaint, Plaintiffs allege no specific amount in controversy, other than to state that "[t]he amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00)." (FAC ¶ 38.)  Yet, Plaintiff's allegation concerning the amount in controversy is of no moment, as the Court is entitled (and should) look beyond the "four corners" of the FAC when determining whether CAFA's $5 million amount in controversy threshold is met.  *Rodriguez v. AT&T Mobility Services, LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (observing "*Standard Fire* instructs courts to look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements"), *citing Standard Fire Ins. Co.*, 133 S.Ct. at 1350.  Thus, to come under CAFA jurisdiction, Defendants simply need to establish by a preponderance of the evidence that the putative class' claims exceed the $5 million jurisdictional minimum.  *Rodriguez*, 728 F.3d at 981-982; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

58.     Defendants deny the validity of Plaintiffs' claims and requests for relief, and do not concede in any way that the allegations of the Complaint or the FAC are accurate, or that any or all of Defendants' current or former employees are entitled to any recovery in this case or appropriately included in the putative class.  Nonetheless, the facial allegations in the First Amended Complaint and Plaintiffs' *alleged damages* exceed the jurisdictional minimum.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations, were sufficient to support finding of jurisdiction).

59.     In determining the amount in controversy for CAFA, all potential damages based on claims in the complaint, as well as attorneys' fees, are included. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 701 (9th Cir. 2007) (unspecified attorney's fees are appropriately counted toward the amount in controversy in CAFA removal actions).

60.     Here, Plaintiffs seek, *inter alia*, the recovery of unpaid overtime wages, waiting time penalties, PAGA penalties, statutory penalties, and restitution during the periods stated in the Complaint on behalf of himself and the putative subclasses. (*See generally* Complaint.)  Plaintiffs also seek attorneys' fees.  (*Id.*)  As set forth below, Plaintiffs' First Amended Complaint, on its face, satisfies the $5 million threshold for CAFA removal.  *See* 28 U.S.C. § 1332(d).

### 1.     <u>Failure to Pay Overtime Wages</u>

61.     Plaintiffs allege that Defendants did not pay all earned overtime wages during the Class Period (defined as November 19, 2010 through entry of final judgment) and that they and the putative class are entitled to recover unpaid overtime wages.  (FAC ¶¶ 47-78,117-132.)  Plaintiffs do not specify how many hours of overtime Defendants allegedly failed to pay them or any members of the putative class.  Plaintiffs allege only that Defendants required each Plaintiff "to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek, but failed to pay [each] Plaintiff the correct amount of overtime wages for his overtime worked due to Defendant's [sic] incorrect calculation and recording of overtime worked."  (FAC ¶¶ 47-78.)

62.     Plaintiffs also allege "Defendant [sic] as a matter of company policy, practice and procedure, intentionally, knowingly and systematically fails to compensate Plaintiffs and the other members of the California Class for all time worked, including overtime worked."  (FAC ¶ 43.)

63.     For purposes of determining the amount in controversy as to Plaintiffs' overtime claim, Defendants use the time period of November 19, 2011 to November 2, 2015 and apply a conservative three-year statute of limitations time period for calculating the amount in controversy, instead of using a four-year statute of limitations, as provided by Plaintiffs' section 17200 claims.  Defendants reasonably assume that those putative class members who worked during the November 19, 2011 to November 2, 2015 time period worked at least one hour of unpaid overtime per

22737545_3.docx

week.  Defendants also calculate the amount in controversy based upon minimum wage ($9.00 per hour) even though the average hourly rate of the putative class is approximately $15.03 per hour.  (Coble Decl., ¶ 5-6.)  Based on these conservative estimates, the amount in controversy based on Plaintiff's overtime claim is <u>at least</u> **$2,278,598** (1,533 putative class members who worked 168,785 workweeks during the period from November 19, 2011 to November 2, 2015 x $9.00 minimum wage x 1.5 overtime rate for one hour of overtime owed per week).  (Coble Decl., ¶ 6.)

## 2. <u>Wage Statement Penalties</u>

64.  Plaintiffs allege that Defendants fail "to provide an accurate wage statement in writing that properly and accurately itemizes the correct amount of time worked by Plaintiffs and the other members of the California Labor Sub-Class and thereby also fails to set forth the correct overtime wages earned by the employees." (FAC ¶ 135.)  As a result, Plaintiffs allege that Defendants provide "Plaintiffs and the other members of the California Class with wage statements which violate Cal. Lab. Code § 226."  (FAC ¶ 44; *see also* FAC ¶¶ 47-78, 133-136.)  Plaintiffs allege the putative class members are therefore entitled to recover statutory penalties under Labor Code section 226. (*Id*. at ¶ 133-136.)

65.  Section 226 provides for statutory penalties of "fifty ($50.00) dollars for the initial pay period in which the violation occurred, and one hundred ($100.00) dollars for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Labor Code § 226(e).  The statute of limitations for a claim for statutory penalties under section 226 is one year. *See* Cal. Code of Civ. Proc. § 340(a).

66.  Based on an analysis of Defendants' business records, there are approximately 1,239 putative class members who received approximately 42,745 wage statements during the one year statutory period from November 19, 2013 to the November 2, 2015 (the date the data was pulled).  (Coble Decl., ¶7.)  Thus, the amount in controversy is at least **$3,544,950** for statutory penalties under Labor Code

section 226(e) for allegedly inaccurate wage statements issued during the statutory period as stated in the First Amended Complaint.

### 3. Waiting Time Penalties

67.     Plaintiffs alleged Defendants have failed to pay all compensation due and owing at the time of discharge of Plaintiffs and putative class members and seek payment of such penalties under Labor Code § 203.  (FAC. ¶¶ 137-144.)

68.     In reviewing Defendants' business records, there are approximately 711 putative class members who have been discharged since November 19, 2011.  (Coble Decl., ¶ 8.)  Though the average hourly rate of these employees is $15.03 (Coble Decl., ¶ 5), Defendants use only minimum wage ($9.00 per hour) to calculate the amount in controversy.  Based on this conservative estimate, the amount in controversy for waiting time penalties is <u>at least</u> **$1,535,760** (8 hours/day x $9/hour x 711 employees x 30 days).

### 4. Attorneys' Fees

69.     The Complaint seeks an award of attorneys' fees for all of its causes of action.  It is well established that in determining whether a complaint meets the amount in controversy requirement, a court should consider attorneys' fees. *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).  A realistic estimate of Plaintiffs' attorneys' fees is 25% of the total recovery.  *See Muniz v. Pilot Travel Centers, LLC,* 2007 WL 1302504 (E.D. Cal. May 1, 2007) at *4, n.8 (noting that "in California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement").  Because the amount in controversy for Plaintiffs' claims for unpaid overtime, waiting time penalties, and wage statement penalties is approximately **$7,359,308**, as detailed above, Plaintiffs' attorneys' fees must be estimated as approximately **$1,839,827**, which is 25% of the amounts in controversy for those claims. (Coble Decl., ¶ 9.)

Case No. _____

22737545_3.docx

### 5.    Summary

70.    Based on the allegations in the Complaint; the damages, penalties and attorneys' fees sought by Plaintiffs; and the number of putative class members, as explained in detail above, the amount in controversy is greater than **$9,199,134**, which satisfies CAFA's jurisdictional prerequisite. (Coble Decl., ¶ 10.)[2]

## IV.    VENUE IS PROPER

71.    In accordance with 28 U.S.C. § 1441(a), this notice of removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of Los Angles is located within the Central District of California. 28 U.S.C. § 84(c)(3). Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

## V.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

72.    Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a true and correct copy of all pleadings served upon Defendants are attached to this Notice of Removal.

73.    As required by 28 U.S.C. § 1446(b), this notice of removal was filed within 30 days after service of the First Amended Complaint on Defendants.  *See* Section II., *supra*.

74.    As required by 28 U.S.C. § 1446(d), Defendants shall promptly provide notice of this removal to Plaintiffs through their attorneys of record.

75.    As required by 28 U.S.C. § 1446(d), a copy of the original notice of removal will be filed with the Superior Court of the State of California, for the County of Los Angeles.

## VI.    CONCLUSION

76.    For the foregoing reasons, Defendants hereby remove the above-entitled

---

[2] Although Defendant has not attempted to include estimations of the amount in controversy of Plaintiff's PAGA claim in supporting its removal, such amounts are clearly in controversy and would further support jurisdiction under CAFA.

action to United States District Court for the Central District of California.

77.    In the event this Court has a question regarding the propriety of this notice of removal, Defendants request that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED:  November 12, 2015         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Beth A. Gunn
    Beth A. Gunn
    Catherine J. Coble
    David Z. Feingold

Attorneys for Defendants
BRINK'S GLOBAL SERVICES USA, INC.
(formerly known as BRINK'S DIAMOND
AND JEWELRY SERVICES INC.); and
BRINK'S, INCORPORATED

Case No. _____

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT